# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO 07-00321-KD |
| | ) | |
| ANTHONY THREATT, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on the Certificate of Improved Mental Condition and Request for Conditional Release from Hospitalization from the Federal Bureau of Prisons (doc. 32). In accordance with the provisions of 18 U.S.C. § 4243(f), a hearing pursuant to 18 U.S.C. § 4247(d) was held before the undersigned on May 15, 2012. Defense counsel Fred Tiemann and Assistant United States Attorney Vicki Davis were present at the hearing. Defense counsel waived the presence of defendant Anthony Threatt and the parties agreed that no further hearings were necessary.

Pursuant to 18 U.S.C. § 4243(a), a person found not guilty only by reason of insanity at the time of the offense shall be committed for treatment until such time as the person is eligible for release. Section 4243(e)(2) provides that the Attorney General shall hospitalize the person for treatment until "the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another".

In that regard, § 4243(f) provides that the "court shall order the discharge of the acquitted person or, on the motion of the attorney for the Government or on its own motion, shall hold a

hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released." 18 U.S.C. § 4243(f). The Section further provides, in relevant part, that upon finding "by the standard specified in subsection [4243(d)] that the person has recovered from his mental disease or defect to such an extent that-- (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall--

> (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and
>
> (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

18 U.S.C. § 4243(f).

Section 4243(d) sets forth the burden of proof which a committed defendant must meet in order to obtain release. 18 U.S.C. § 4243(d). The Section provides that

> [i]n a hearing pursuant to subsection (c) of this section, a person found not guilty only by reason of insanity of an offense involving bodily injury to, or serious damage to the property of, another person, or involving a substantial risk of such injury or damage, has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. With respect to any other offense, the person has the burden of such proof by a preponderance of the evidence.

Threatt was found not guilty only by reason of insanity of the offense of robbery or attempted robbery of a postal employee (doc. 15). Because Threatt's offense involved substantial risk of bodily injury, his burden of proof is that of clear and convincing evidence.

The Court has reviewed the Certificate of Improved Mental Condition and Request for Conditional Release from Hospitalization wherein the Warden certifies that Threatt has

2

recovered to such an extent that his conditional release under the specified regiment of care and treatment would not longer create a substantial risk of bodily injury to another person or serious damage to the property of another, the Risk Assessment Panel Report wherein the Panel recommends a release plan which includes a structured and supervised mental health group home for close monitoring of Threatt's mental status and medication compliance, and the Warden's letter setting forth the recommended conditions of release and the Panel's conclusion that Threatt could be released under a prescribed regimen of treatment.

Upon consideration of the foregoing and the parties' respective positions set forth at the hearing, the Court finds that Threatt has shown by clear and convincing evidence that he "has recovered from his mental disease or defect" to the extent that "his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(f)(2). Accordingly, pursuant to the provisions of 18 U.S.C. § 4243(f)(2)(A), the Court further finds that the prescribed regimen of care and treatment is appropriate and **ORDERS** that Threatt shall be conditionally released on the following conditions which have been certified as appropriate by the Warden:

> 1. Threatt will reside at Serenity Care, Inc., 3085 Dauphin Square Connector, Mobile, Alabama 36607. Any changes in residence must be approved through his United States Probation Officer.
>
> 2. Threatt shall be supervised by U.S. Probation and follow all instructions given by the Supervising Probation Officer.
>
> 3. Threatt shall actively participate in and cooperate with a regimen of mental health care and psychiatric aftercare as directed by the U.S. Probation Officer and administered by the treating mental health provider. This is to include his voluntary admission to an inpatient facility for stabilization should it be deemed necessary. Threatt will follow all the rules, regulations and instructions of the treatment staff and comply with the recommended regimen.

4. Threatt shall continue to take medication, including injectable units, as they are prescribed to him by the medical provider.

5. Threatt shall waive his right to confidentiality regarding his mental health treatment in order to allow sharing of information with his Supervising U.S. Probation Officer and other mental health treatment providers, who will assist in evaluating his ongoing appropriateness for community placement.

6. Threatt shall refrain from the use of alcohol and illegal drug usage, as well as the abuse of over-the-counter medications, and submit to random urinalysis testing as warranted by treating mental health staff and/or the Supervising Probation Officer. This also includes participating in substance abuse treatment as deemed necessary.

7. Threatt shall not have in his possession at any time actual or imitation firearms or other deadly weapons and he may not write, say or communicate threats. He shall submit to a warrantless search of his person or property for the purpose of determining compliance with this provision and shall permit confiscation of any such contraband, on the request of his U.S. Probation Officer or any other law enforcement officer.

8. Threatt shall not commit a federal, state or local crime and will immediately notify his U.S. Probation Officer if he is arrested or questioned by any law enforcement officer. He shall not associate with any person convicted of a felony unless granted permission to do so by his U.S. Probation Officer.

9. Threatt is prohibited from operating, possessing or owning a motor vehicle without written permission from his U.S. Probation Officer.

10. As directed by the Probation Officer, Threatt shall notify third parties of risks that may be occasioned by his criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notification and to confirm his compliance with such notification requirement.

The Court further **ORDERS**, as an explicit condition of release, that Threatt comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment. 18 U.S.C. § 4243(f)(2)(B).

DONE and ORDERED this 22nd day of May, 2012.

    **/s/ Kristi K. DuBose**
    **KRISTI K. DuBOSE**
    **UNITED STATES DISTRICT JUDGE**